UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDIBLE ARRANGEMENTS INTERNATIONAL, INC. | : | |
| | : | |
| Plaintiff | : | 3:07-cv-01788 [JCH] |
| | : | |
| v. | : | |
| | : | |
| INCREDIBLE FRANCHISE CORP., MAUREEN DUGERT, RICHARD CHINSAMMY, AND R.M. INVESTMENTS, LLC, | : | |
| | : | |
| Defendants | : | MAY 15, 2008 |

## DEFENDANT INCREDIBLE FRANCHISE CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Incredible Franchise Corporation ("IFC"), hereby answers plaintiff Edible Arrangement's Amended Complaint as follows:

1.      IFC responds that the complaint speaks for itself.

2.      IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

3.      Admitted.

4.      IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

5.      IFC is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

6.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

7.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

8.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

9.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

10.    IFC denies that Edible Arrangements International, Inc.'s list of prospective franchisees ("the lead list"), its mailing list, customer list, and/or franchisee list qualify as confidential and proprietary information and/or trade secrets.  As to the remaining allegations contained in Paragraph 10, IFC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore leaves the plaintiff to its proof thereof.

11.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

12.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

13.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

14.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

15.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

16.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

17.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

18.     IFC denies that Edible Arrangements International, Inc.'s list of prospective franchisees ("the lead list"), its mailing list, customer list, and/or franchisee list qualify as confidential and proprietary information and/or trade secrets.  As to the remaining allegations contained in Paragraph 18, IFC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore leaves the plaintiff to its proof thereof.

19.     IFC denies that Edible Arrangements International, Inc.'s list of prospective franchisees ("the lead list"), its mailing list, customer list, and/or franchisee list qualify as confidential and proprietary information and/or trade secrets.  As to the remaining allegations contained in Paragraph 19, IFC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore leaves the plaintiff to its proof thereof.

20.     IFC denies that Edible Arrangements International, Inc.'s list of prospective franchisees ("the lead list"), its mailing list, customer list, and/or franchisee list qualify as confidential and proprietary information and/or trade secrets.  As to the remaining allegations contained in Paragraph 20, IFC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore leaves the plaintiff to its proof thereof.

21.     IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

22.     IFC admits only that in September 2007 co-defendant Richard Chinsammy approached IFC seeking employment, and that after negotiations, IFC executed a contract with Mr. Chinsammy's and his wife, Maureen Dugert's, company, Defendant RM Investments, LLC, pursuant to which Mr. Chinsammy agreed to act as a franchise sales broker for IFC.  As to the remaining allegations contained in Paragraph 22, IFC is without knowledge or information sufficient to form a belief as to the truth of these allegation and therefore leaves the plaintiff to its proof thereof.

23.     Admitted.

24.     IFC admits only that Mr. Chinsammy provided IFC with a computer disk containing information that he reported to IFC was his own list of franchisee prospects, which he

4

claimed to have developed on his own over 25 years working in the franchising field.  As to the remaining allegations contained in Paragraph 24, IFC is without knowledge or information sufficient to form a belief as to the truth of these allegation and therefore leaves the plaintiff to its proof thereof.

      25.    Denied.

      26.    IFC denies that it knowingly contacted existing Edible Arrangements International, Inc.'s franchisees in an effort to divert business from Edible Arrangements International, Inc., and further denies that it knowingly contacted or solicited Edible Arrangements International, Inc.'s prospective franchisees.  As to the remaining allegations contained in Paragraph 26, IFC is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore leaves the plaintiff to its proof thereof.

      27.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

      28.    Denied.

      29.    Denied.

      30.    Denied.

      31.    Denied.

      32.    Admitted.

      33.    IFC admits only that it responded to Edible Arrangements International, Inc.'s November 16, 2007 letter by way of a November 27, 2007 letter, the contents of which speak for themselves.  IFC denies the remaining allegations contained in Paragraph 33.

34.   IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

35.   IFC responds that Mr. Gary Zimmerman's deposition testimony speaks for itself. IFC denies the remaining allegations contained in Paragraph 35.

36.   Denied.

37.   IFC responds that Mr. Gary Zimmerman's deposition testimony speaks for itself. IFC denies the remaining allegations contained in Paragraph 37.

38-41.   IFC does not respond to Paragraphs 38-41 as they are not directed at IFC.

42.   IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

43.   IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

49.   Denied.

50.   Denied.

51.   Denied.

6

52.    Denied.

53.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59-62. IFC does not respond to Paragraphs 59-62 as they are not directed at IFC.

63.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

64.    IFC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore leaves the plaintiff to its proof thereof.

65.    Denied.

66.    Denied.

67.    Denied.

68.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

74.    Denied.

75.    Denied.

76.    Denied.

77.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

78.    Denied.

79.    Denied.

80.    IFC incorporates its responses to Paragraphs 1 through 37 as if fully restated herein.

81.    Denied.

82.    Denied.

IFC further denies that it is liable to plaintiff for the relief plaintiff seeks in its prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part due to plaintiff's failure to mitigate its alleged damages.

INCREDIBLE FRANCHISE CORPORATION


By:    <u>/s/ Melicent B. Thompson</u>
        Thomas C. Clark [ct06058]
        Melicent B. Thompson [ct19868]
        Aileen R. Wilson [ct26360]
        Litchfield Cavo LLP
        40 Tower Lane, Suite 200
        Avon, CT 06001
        (860) 255-5577
        (860) 255-5566 (Fax)
        clark@litchfieldcavo.com
        thompson@litchfieldcavo.com
        wilson@litchfieldcavo.com

9

## CERTIFICATION OF SERVICE

I hereby certify that on May 15, 2008 a copy of the foregoing Incredible Franchise Corporation's Answer to Plaintiff's Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/ **Melicent B. Thompson**
Melicent B. Thompson (ct 19868)
Litchfield Cavo, LLP
40 Tower Lane, Suite 200
Avon, CT  06001
T: (860) 255-5577
F: (860) 255-5566
E-mail: thompson@litchfieldcavo.com