UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDIBLE ARRANGEMENT INTERNATIONAL, INC., | ) )  3:07-cv-1788 (WWE) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| INCREDIBLE FRANCHISE CORPORATION, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF DECISION ON MOTION FOR AWARD OF PUNITIVE DAMAGES**

In this action, plaintiff Edible Arrangements International, Inc. alleged that Incredible Franchise Corporation was liable to it for tortious interference with contractual relations, tortious interference with business relationships and expectancies, unjust enrichment, unfair competition, statutory theft and violation of the Connecticut Uniform Trade Secrets Act ("CUTSA") and the Connecticut Unfair Trade Practices Act ("CUTPA").

This action was tried to a jury on April 12, 13, and 14, 2010. On April 15, 2010, the jury rendered special verdict findings that rejected all of plaintiff's claims with the exception of unjust enrichment.[1] In a section entitled damages, the jury determined that plaintiff should be awarded $150,000 and indicated that an assessment of punitive

---

[1] As to the interrogatories relevant to the CUTPA claim, the jury answered that defendant had engaged in an unfair trade practice and a deceptive act or practice but that such acts failed to proximately cause plaintiff to suffer an ascertainable loss.

1

damages was warranted against Incredible Franchise Corporation.  Plaintiff now moves to have the Court enter on the judgment $400,008.23 in punitive damages.

## DISCUSSION

Rule 49(a) of the Federal Rules of Civil Procedure provides: "The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact."  A special verdict is defined as "[a] verdict that gives a written finding for each issue, leaving the application of the law to the judge."  Black's Law Dictionary 1555 (7th ed. 1999).

If an inconsistency between the special verdict finding is not noticed until after the jury has been dismissed, the court must either attempt to harmonize the answers or order a new trial.  Auwood v. Harry Brandt Booking Office, Inc., 850 F.2d 884, 891 (2d Cir. 1988).  "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."  Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962).

If a jury indicates that certain damages should be awarded that are not justified by law, the court acts within its discretion by striking such award.  Aczel v. Labonia, 584 F.3d 52, 59 (2d Cir. 2009).  The instant special verdict form reflects such an inconsistency between the findings that defendant was unjustly enriched and that punitive damages were warranted.

Defendant argues that plaintiff is not entitled to an award of punitive damages because the jury did not award compensatory damages but rather equitable relief on the

unjust enrichment claim.[2]  Recovery under the doctrine of unjust enrichment is an equitable remedy based upon the principle that one should not be permitted unjustly to enrich oneself at the expense of another.  New Hartford v. Connecticut Resources Recovery Authority, 291 Conn. 433, 451 (2009).

Punitive damages were not historically awarded in equity.  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 234 (2002); see also D. Dobbs, Law of Remedies (2d Ed. 1993) § 3.11.  As the United States Supreme Court has observed, "a number of courts in more recent decades have drawn upon their 'legal' powers to award punitive damages even in cases that historically could have been brought only in equity."  Mertens v. Hewitt Assocs., 508 U.S. 248, 272 (1993).

However, such an award in the instant case would cut against Connecticut state common law principles of punitive damages.   According to well established Connecticut state law, common law punitive damages serve primarily to compensate the plaintiff for injuries.  Berry v. Loiseau, 223 Conn. 786, 827 (1992).   Punitive damages in Connecticut are not designed "to punish the defendant for his offense but rather to compensate the plaintiff for his injuries." Lord v. Mansfield, 50 Conn. App. 21, 27 (1998).

The jury answered negatively to the question of whether defendant's conduct had proximately caused plaintiff an injury on the claims of tortious interference with contractual relations, tortious interference with business relationships and expectancies,

---

[2] The special verdict form only allowed for the jury to enter the amount owed under a section entitled "Compensatory Damages."  The Court did not provide a separate section for the jury to enter as to the equitable relief owed for unjust enrichment.

CUTSA, CUTPA, unfair competition, and statutory theft. Thus, the special verdict form findings that plaintiff prevailed only on the unjust enrichment claim reflect that the jury found no injury to plaintiff but did find an inequitable benefit to defendant. Unjust enrichment remedies an unfair benefit to a defendant, see Stewart v. King, 121 Conn. App. 64, 2010 WL 1793370, *4 (May 11, 2010), as opposed to compensating plaintiff for an injury. Accordingly, the jury's indication that punitive damages are warranted without a finding of an injury to plaintiff is contrary to the underlying precept of punitive damages awards in Connecticut.

As a federal court sitting in diversity, the Court applies the relevant state substantive law, which the parties agree is that of Connecticut. See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938). Pursuant to the discretion afforded by Federal Rule of Civil Procedure 49, the Court will harmonize the jury's special verdict findings by declining to enter a general verdict awarding punitive damages in addition to the unjust enrichment award.

## CONCLUSION

For the foregoing reasons, the motion for award of punitive damages [doc. #181] is DENIED. The clerk is instructed to enter judgment in favor of plaintiff in the amount of $150,000 on the claim of unjust enrichment.

          _____/s/_____
          Warren W. Eginton
          Senior United States District Judge

Dated this_25th day of May, 2010 at Bridgeport, Connecticut.